United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning everyone. The first case we have on the calendar today is United States of America versus Javier Estepa and Diego Alejandro Estepa Vasquez. Are counsel ready to proceed? Yes, your honor. Mr. Krug, would you like to save five minutes for rebuttal? Yes, your honor. Thank you. All right, you may proceed. Thank you. This case involves a construction bid contract in which the county was the party, Miami-Dade County was the party that wanted the construction work performed. Because they received federal funds, they were obligated to enforce the Davis-Bacon requirements in any federally funded construction project. The bid proposal by my client's company, Aaron Construction, represented that it would comply with all of the very, very lengthy set of requirements that were part of the, sort of, as a form part of the contract bidding process. In fact, the number of requirements, technical and governmental regulatory compliant requirements, really amounts to thousands of words in this contract. Some of those words deal with Davis-Bacon compliance. Because the county has a dual role. It has a role in wanting the construction work to be done and it also has is a delegated like something on the order of an agency role where it's taking on the government's, the federal government's enforcement of the Davis-Bacon requirements. It follows up on the construction in these projects to make sure that forms are filed that comply with Davis-Bacon requirements which have to do with the rate of pay for the court has dealt with bid allegations of bid fraud in the past but it is never in in this context held that where the financial components where the hat that the county is wearing with regard to its financial components and its financial obligations to its citizens where those there's no fraud in relation to that no fraud in relation to the representations with the quality of work where we're not dealing with a special charity set aside or anything of that kind that where we're just dealing with low bidder provides the best value for the taxpayer that in that context no no prosecution for fraud has been found to be valid in this court and the analogy that we argue here is that it much again construction and carpentry that the rule is the right tool for the right job and the right tool in this case as was used in the Basantes case e-a-z-a-n-t-e-s that the government cited and you've also responded to is the false statements it relates to the enforcement application aspect of the case and Basantes defendants in a similar position the government charges only the false statements made in terms of claiming that they're compliant with Davis-Bacon and the court finds that those false statements are certainly material to that enforcement component the problem with expanding it beyond the existing limited categories in which bid contracts have been held to be fraud is that it really has no bound with regard to enforcement because as you could see from the the very exhibits that the government uh cites in terms of what the uh what the defendants agreed to do in this case they the number of things that the defendants have to agree to do they have to agree to be compliant with every possible law in their in their and everything that they're doing those related to this particular aspect that they're dealing with a governmental entity that has that is again wearing these two hats one of which is an enforcement hat the the law in with regard to fraud has really created this sharp categorical divide between interference with enforcement interference with license issuance interference with other governmental functions and things that affect the financial values question because i'm not sure i understand the argument is it your view that if a contractor participates in a scheme knowingly to falsify the forms as to Davis-Bacon scheme as to who worked how many hours etc just falsified intentionally falsified the forms that that would not be enough to state a claim for wire or mail fraud assuming the wires or the forms as to who worked how much they worked and what they were paid yes because again with regard to these forms in that aspect of the contract county is operating in a different different role we're charged with defrauding the county the county's interest is the county in terms of this trend this transaction its financial interest in this transaction is getting the work done in a manner that saves the taxpayers the most money to the extent these other activities they engage in other enforcement activities with regard to make sure that your list of employees you show that they're getting the specific rate that is really something unrelated to its financial interest in the transaction let me stop you on that if i could for a second just help me wouldn't the county face a severe risk of the that the forms were false and were knowingly false as to Davis-Bacon wouldn't they run the powerful risk that Uncle Sam would say well we're simply not giving you any more money for these low-income housing projects because we want to enforce Davis-Bacon and it hasn't been enforced here because you've allowed a knowing falsity to be made about who worked how much they worked and what they were paid your honor there there's a theoretical risk that if the county did something wrong that the federal government would would would take some kind of action but that is that is again part of the generalized interest in the county and then seeing that they are complying and that they are insisting on doesn't the federal government expect and require the county to implement a regime so that they could ensure that Davis-Bacon was by the department of housing and urban development yes the the obligation is again this enforcement of Davis-Bacon and and Davis-Bacon I think it's more it's been around for 90 years and I don't know of any prosecution ever for fraud for violation of Davis-Bacon I was under the impression that we address this specific question and Maxwell why does not Maxwell foreclose your argument Maxwell is is an important case to distinguish I know the government did not cite it I don't know to the extent they're relying on it but Maxwell is where you have a set-aside contract set aside is is the same as in in functionally the same as a charity charity contract where the purpose of the money there's a financial purpose of the money the purpose of the transaction is to make sure that certain types of individuals get the money there was no allegation and there's certainly no testimony that that there that that was any form of the purpose here the purpose here was solely to get the work done the the government federal government has its its own interest and forces the government forces the county to assume its its regulatory responsibility and these actions they interfere with that regulatory responsibility but they're highly distinguishable from Maxwell because you don't have the interest of the the financial component of the of the transaction being that certain people will get the money in this case for example there was no requirement that any employees be used Mr. Estepa could have gone in there and done all the work himself and not have to file any Davis-Bacon requirements there's no there was no intention oh we have to have certain we have to have employees getting money in this transaction it's a no set aside like Maxwell this this is simply a we we the government forces us the federal government forces us to to engage in these compliance mechanisms and when people don't comply as we've said they impose fines and they do anything. The difficulty just to follow up if I could on Judge Anderson's question is in Maxwell we explained that a financial loss is not at the core of these mail and wire fraud wire frauds instead the penal statutes also seek to punish the intent to obtain money or property from a victim by means of fraud and deceit so the problem there wasn't the financial loss but a material falsity having been propagated um how do we get around that here maybe I think I've missed the distinction you the the fraud having to do something to do with what is the financially material part of the transaction then fraud will have no limit that everybody any in any context and I could go vastly into all kinds of explanations although I think the one one maybe I want to use my brief is that the defendant promises not to engage in speeding to and from the job site and that becomes fraud because he's a habitual speeder anything that goes beyond what is financially relevant to the contract and what was financially relevant to the contract in whether there's loss or not what was financially relevant there's there's loss in charity there's no loss in charity either the county gives away the money but if you claim to be a charity and you're not a charity you've defrauded the county because they wanted money to go to let me ask the question in a slightly different way if a general contractor I'm not talking about the facts here I'm just asking more generally if a general contractor knowingly violates Davis Bacon by falsifying who works the hours work and the hours actually paid the amounts actually paid that would not state a crime it does for false statement and then that's what this court that's what everybody has always been prosecuted before before this and again that has it because the as these these statutes as the court knows they just expand and expand and expand and people say well it's not enough that we charge 15,001 statement false statement prosecutions we need to add a fraud prosecution even though as the court admits there's clearly no loss in fact there's a game the irony in this case is if we a government of tax money is fraud in this case the government is saying saving the taxpayers money is fraud if you're violating a regulation that the government imposed that the federal government imposes and that contradiction is I think at the heart of the issue just to follow up on this acknowledged a moment ago that when I asked you the question whether the county ran a real and that the federal government would stop financing these projects in Dade County if they knew that Davis Bacon was being knowingly and pervasively violated you said well that could be a theoretical risk to the county but that's not enough can you explain why that would just be a theoretical risk stated at a high order of abstraction well from an evidentiary standpoint I think that theory and and practice are are important in a criminal case first of all that's my first answer my second answer is I knew I wasn't being fully clear about what I was saying I don't believe that there's any risk and I think that there's it's clear in the law there's no risk as long as the county is not doing something wrong the county hires people because there's Davis Bacon violations all over the place all the time federal government there's zero actual risk if the evidence had come in that as long as the county is not knowingly involved in some kind of corruption then then the county's not at risk at all so the county could bury its head in the sand not enforce Davis Bacon at all and as long as the contract as long as the contract was performed the work was done well that would be the end of it I wouldn't I wouldn't go uh the point of I would argue that there if they were being deliberately ignorant if the county is doing anything wrong including deliberate ignorance there would possibly be again theoretically because there's no evidence of anything to that effect in this case and that was not the theory that was used in this case so that was not something we had to address factually but I don't think it is the case that absent complicity by the county in in some violation of the federal law that there was any risk whatsoever I've got it thank you very much council we'll let you go over your time but we'll give you additional time for rebuttal thank you very much thank you Mr Wu are you ready thank you yes good morning may I please the court Jason Wu on behalf of the United States sometimes your honors the way things appear to be is exactly what they are despite the Estepa's insistence to the contrary what they did constituted fraud and the reason it was fraud is because they procured millions of dollars in government contracts we lost Mr Kluge again uh-oh okay oh there he is okay he's right so the reason this constituted fraud was because the Estepa's procured millions of dollars in government contracts through material misrepresentations about how they intended to in a few different ways today to explain that any really any way you slice it their argument fails the first way we can think about it is they may be arguing that fraud requires that the scheme be designed to cause the victim a financial loss or monetary loss as judges Anderson and Marcus have pointed out this morning that's not required under the fraud statutes which is exactly what this court said at Maxwell in fact Maxwell was a nearly indistinguishable case government contracting case where the argument made by the defendant on appeal was that ultimately there was no fraud because the county received the electrical work that it had sought and as Judge Marcus quoted this court stated that the financial loss is not at the core of these mail and wire fraud statutes the second way we could think about this way to conceptualize their argument is that they may be that this is not a fraud scheme because the misrepresentations did not go to or impact the nature of the bargain that the county was entering however there are ways that non-financial terms can affect someone's assessment of the bargain and this court has said so in its past fraud cases which is that frauds can either affect can either be affected by representation regarding the price of a good or service that's a financial misrepresentation or it can be based on a misrepresentation about the characteristics of the good or service this is a quintessential example of the latter category the estep was misrepresented the way that they were going to perform these government contracts and lied about their intent to skirt federal labor law and as Judge Marcus pointed out that exposes the county to a risk not only of losing federal money but of having to go through the process of obtaining new contractors if the estep was canceled i'd also like to point out it's wrong to say that the estep was misrepresentations about davis bacon had no impact on the county's financial assessment of this transaction the way these contracts worked was that the county set an expected price for the total service and then the bidders tried to come in under that so for instance the county said nine hundred thousand for a year's worth of maintenance and the estep has offered seven hundred forty seven thousand dollars the county calculated that expected cost of service based on the assumption that all the contractors were using davis bacon wages and as an example francisco trujillo one of the trial witnesses explained every single line item in that contract is calculated based on the cost of he said we know a toilet how much it costs at home depot we have an expectation of how many hours it would take to replace it and so we multiply that by the wage that we expect to pay add a little overhead and profit and that's the amount that we charge that component under the contract so again if the county knew that its vendors were not following davis bacon and were paying lower wages it would have lowered all those amounts in the contract and would have announced a different expected cost for the total maintenance contract so it did affect the financial aspect of the transaction that's a critical fact the third and final way we could conceive of the argument this morning is that it's really an attack on materiality it boils down to saying that these lies did not matter to the county and the problem for the defendants on that front is that every witness from the county who testified at trial said that davis bacon compliance was important to them and that it would have affected their assessment of the estepa's performance if they had known about their scheme that included even their four defense witnesses who testified from the county in closing i'll respond briefly to a few points from mr clue uh mr clue suggested that there was no bounds for regards to enforcement of the fraud statutes if you endorse the theory pursued in this case but the obvious bound here is materiality not every lie or misrepresentation going to be material so in his example of violating the jaywalking laws or the speeding laws i sincerely doubt that the county witnesses would have testified that they would have canceled the estepa's contract if they found out that the estepa's jaywalked to the job site on one random saturday and it's evident in the contracts themselves which on their front page the very first page of the request for a bid states that the contracts require davis bacon compliance they do not state that the contracts require jaywalking compliance or speeding compliance so with that in mind if the panel has no further questions we respectfully request that you affirm the estepa's conviction i have one mr wolf um part of the argument that had been made by both lawyers in this case was that the evidence was insufficient on its own steam that the defendants did not have the requisite intent to commit fraud holding aside the first argument that mr clue has raised i read the briefs as having said in any event the government had a failure of proof about the mens rea in this case ought we to consider in the mix of that the fact that one of the defendants actually testified isn't that evidence substantive evidence that goes into the mix of considering the the the aggregation of proofs presented yes your honor at least as to diego estepa i'm just talking about as to mr diego estepa it would not affect the other defendant in this case you could hardly impute an allegedly false exculpatory statement made on the witness stand by one defendant against the other unless you somehow could tie it into a continuing conspiracy and you don't have anything like that in this case i'm simply asking whether that isn't part of the body of proof that we would have to look at i only raise it because you did not make reference to that particular item as part of the the aggregation of evidence maybe i missed it i i did very briefly your honor so in a footnote so i actually have a more fundamental point as to diego estepa's from a co-defendant's brief and in the footnote where i make that argument citing the corey case i also mention uh in any point in any event diego estepa's challenge would have to fail because he testified under brown uh his testimony against him thank you if there are no further questions i thank you for your time and we respectfully request that you affirm the convictions thank you mr wu mr clue you have five minutes remaining for rebuttal you have to unmute yourself sorry that's okay the um the focus i i uh as judge marcus uh stated and as as i believe judge marcus stated in the en banc case in civetti in a fraud case is on the defendant's uh intent and uh whether the defendant is trying to financially cheat the other party and i think that is really possibly the strongest point for us here because the the the the intention of the transaction there are other examples that you can use in in this context but one of which is suppose that the the county is trying to collect coins from juveniles and so it uh offers a dollar for every four quarters uh a minor brings in and an 18 year old brings in four quarters and gets a dollar bill under the government's theory because there was money involved because he falsely represented he was a minor there would be a fraud but there is clearly no financial fraud intention there's an intention to interfere with the government function but there's not an failure of an intention to perform but performance under the contract was separate from an agreement to comply with general law law that's been on the books forever and while someone should or could and should be prosecuted for any false statement that interferes with the government function or could even be charged with a a 371 conspiracy in that regard but those frauds those interferences under McNally have been very clearly separated from frauds that where somebody is trying to hurt somebody financially somebody's trying to cheat somebody financially the council may ask you a question and i i know this did your clients have to certify when they were awarded the bids that they would they certified that would comply with the Davis-Bacon Act they certified the on the contract that included the Davis-Bacon Act requirement there was a long very long list I think the government exhibit 13a is an example uh very very long thousands of words and one of this part of it is the includes Davis-Bacon because it's all the compliance adhesion component of this certification they wouldn't have been awarded the contract correct that's true the government relies on the the um the causation the transaction uh the contractual transaction causation theory but we urge the court to to reiterate that causing a party to engage in a transaction does the party would not have engaged but for a misstatement is not the same as intending to financially cheat the other party and that is that is the risk the great risk of fraud is that because money seems to be involved in just about everything then uh including even in licensing which the court in shots and has said is not uh uh a financial fraud that there has to be a distinction between false statements that go to a general enforcement aspect of a governmental function interference with the governmental function and things that are intended to cheat another party out of money the government's reference to harm to bidders I think the courts that's I had not heard that argument before other bidders would have come in with other set their bids at higher rate I know the third circuit has has directly held that that you cannot base financial fraud prosecution on the theory that other bidders were defrauded other bidders were bid to bid too high because because you were taking advantage of a non-compliance with the request I believe this court and again it's important the government treats this as if it's an open and shut case the court has never gone this far before and I don't know of any other court that has gone this far before the government certainly didn't cite one and it's so important because this statute as the supreme court has repeatedly held time after time after time is the one that the government pushes and pushes and pushes that pushes too far there are no further questions thank you very much thank you very much Mr. Wu and thank you Ms. Stage for being here today we will take care of the matter under thank you